**A.S. and W.S. individually and through their parents and next friends, Mr. and Mrs. W.S., Plaintiffs,**

v.

**TRUMBULL BOARD OF EDUCATION, Defendant.**

**No. 3:04CV847MRK.**

United States District Court, D. Connecticut.

Feb. 22, 2005.

Lawrence W. Berliner, Klebanoff & Phelan, PC, West Hartford, CT, for Plaintiffs.

Michelle Claire Laubin, Berchem, Moses & Devlin, P.C., Milford, CT, for Defendant.

### RULING AND ORDER

KRAVITZ, District Judge.

Pending before the Court are Plaintiffs' Motion to Introduce Additional Evidence [**doc. # 19**] and Plaintiffs' Motion to Extend Discovery [**doc. # 26**]. After considering the motions, requests and submissions of the parties as well as conducting an on-the-record telephonic conference on January 7, 2005, the Court concludes that Plaintiffs have failed to satisfy their burden of demonstrating that either supplementing the record or extending discovery is necessary or warranted in this case. Accordingly, the Court denies both motions.

■ In this lawsuit brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1440, *et seq.*, Plaintiffs appeal from the decision of a due process hearing officer regarding the educational placement of their two minor children. Plaintiffs now seek to supplement the administrative record with additional evidence. The IDEA provides that:

> [T]he court shall receive the records of the administrative proceedings, *shall hear additional evidence at the request of a party,* and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(e)(2) (emphasis added). The parties agree that the determination of what constitutes "additional evidence" lies within the discretion of the trial court and that the proponent of the evidence bears the burden of establishing that supplementation of the administrative record is necessary. *See, e.g.,* Pls.' Supp. Mem. of Law. in Supp. of Mot. to Introduce Additional Evidence [doc. # 25] at 4.

The Second Circuit has not yet interpreted this portion of the act, though district courts in this Circuit have looked for guidance to the First Circuit's decision in *Town of Burlington v. Dep't of Educ. for Mass.,* 736 F.2d 773 (1st Cir.1984). *See, e.g., Lillbask v. Sergi,* 193 F.Supp.2d 503, 507 (D.Conn.2002); *Jean N. v. Tirozzi,* No. H–88–703, slip op. at 1 (D.Conn. March 5, 1991). Because both parties invoke *Burlington,* the Court (without deciding the issue) accepts the First Circuit's decision as setting forth the proper interpretation

of § 1415(e)(2). In *Burlington,* the First Circuit construed the statutory term " 'additional' in the ordinary sense of the word, to mean supplemental," cautioning that "the trial court [ ] must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo.*" *Burlington,* 736 F.2d at 790–91. "The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, *and evidence concerning relevant events occurring subsequent to the administrative hearing.*" *Id.* at 790 (emphasis added).

■ It is this latter reason that Plaintiff invoke in this case. Plaintiffs argue that the documents that they seek to admit are both necessary and "supplemental" because they concern "relevant educational matters that have occurred since the issuance of the [hearing officer's] final decision on April 8, 2004." Pls.' Supp. Mem. of Law. in Supp. of Mot. to Introduce Additional Evidence [doc. # 25] at 2. According to Plaintiffs, these documents supposedly consist of information regarding "each child's current status in their respective placements, educational progress, and related information including their health status." *Id.* at 6.

The Court finds it impossible to assess Plaintiffs' asserted need for additional evidence because Plaintiffs have neither provided the Court with the documents they seek to introduce nor sufficiently described them in a way that would permit the Court to consider Plaintiffs' motion. Instead, Plaintiffs provide the Court with only the vaguest of descriptions of the documents they seek to add to the record—for example, "school health services records," "records or reports . . . and information and concerns presented by the plaintiffs' par-

ents." *See* Pls.' Supp. Mem. of Law. in Supp. of Mot. to Introduce Additional Evidence [doc. # 25] at 4. When it comes to informing the Court precisely what bearing these records will have on the Court's evaluation of the hearing officers' decision, Plaintiffs are equally general and conclusory—for example, Plaintiffs claim that the unspecified records they seek to add to the record will provide information to the Court on the Plaintiffs' "current needs, programs and placement." *Id.* at 6. The Court is then left to speculate about how the children's "current needs, programs and placement" bear on the specific issues decided by the hearing officer, since Plaintiffs offer no such explanation.

The Court cannot determine from Plaintiffs' vague description of the documents whether the evidence they contain would truly be supplemental rather than duplicative. Nor can the Court decide whether any particular additional document will assist the Court in determining whether the hearing officer erred in her ruling. *Compare Lillbask,* 193 F.Supp.2d at 507 ("[E]vidence as to [the student's] progress several years after an administrative decision does not necessarily show that the same placement would have been appropriate several years earlier."); *with Jean N.,* No. H–88–703, at 2 ("It has been well over two years since the . . . state due process proceedings, and the witnesses proposed by the plaintiffs will be 'bringing the court up to date' on the child's progress."). This failure on Plaintiffs' part is particularly regrettable since the Court made it clear during an on-the-record telephonic conference on January 7, 2005, that Plaintiffs needed to tell the Court precisely what documents or information they sought to add to the record, to provide their opponent with a copy of those documents and to identify for the Court and their opponent in a supplemental memorandum pre-

cisely what information in those documents was relevant to particular issues decided by the hearing officer. While they filed a supplemental memorandum, Plaintiffs failed to sustain their burden of demonstrating that the Court should exercise its discretion to supplement the record. *See Reed v. Lincoln–Way Comm. High Sch. Dist. No. 210*, 2000 WL 696793, at *6 (N.D.Ill. May 30, 2000) (denying request to supplement where plaintiff "made it extremely difficult to assess the need for additional evidence" because she did not indicate "exactly what additional evidence [was] necessary").

Plaintiffs' request to extend discovery in order to access these documents, *see* Pls.' Mot. to Extend Disc. [doc. # 26], only reinforces the Court's concern that admitting additional evidence in this case "would have the consequence of making the whole IDEA process more time consuming, as parties scramble[ ] to use the federal court proceeding to patch up holes in their administrative case." *Springer v. Fairfax County Sch. Bd.*, 134 F.3d 659, 667 (4th Cir.1998) (cited in *Lillbask*, 193 F.Supp.2d at 507).

Accordingly, the Court DENIES both Plaintiffs' Motion to Introduce Additional Evidence [**doc. # 19**] and Plaintiffs' Motion to Extend Discovery [**doc. # 26**].

IT IS SO ORDERED.